**COLORADO SPRINGS PRODUCTION CREDIT ASSOCIATION, Monte Vista Production Credit Association, Sterling Production Credit Association, Production Credit Association of New Mexico, and Production Credit Association of South Central Kansas, Plaintiffs,**

v.

**FARM CREDIT ADMINISTRATION and Farm Credit System Capital Corporation, Defendants.**

Civ. A. No. 86–K–1948.

United States District Court, D. Colorado.

Sept. 14, 1987.

---

Thomas C. Seawell, Denver, Colo., and Barton L. Enoch and John W. Suthers, Sparks, Dix, Enoch & Suthers, P.C., Colorado Springs, Colo., for plaintiffs.

Lori E. Fields, Civil Div., Dept. of Justice, Washington, D.C., Kathleen M. Mullarkey, Assoc. General Counsel, Farm Credit Admin., McLean, Va., and Colleen Conlin, Asst. U.S. Atty., Denver, Colo., for Farm Credit Admin.

Sara Hays and P. John Owen, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., and Miles M. Gersh, Gersh & Danielson, Denver, Colo., for Farm Credit System Capital Corp.

Timothy J. Flanagan, Kelly, Stansfield & O'Donnell, Denver, Colo., and Richard Slattery, Covington & Burling, Washington, D.C., for amici Farm Credit Banks of Springfield & Texas.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an important case. It involves a challenge to the validity and constitutionality of certain regulations promulgated under the Farm Credit Act of 1985. On August 16, 1987 I handed down a memorandum opinion and order in which I granted plaintiffs' motion for summary judgment, 666 F.Supp. 1475. I did so on the basis defendants were collaterally estopped from relitigating the administrative law issues involved in the action. These issues had been decided in the plaintiffs' favor in a case before the United States District Court for the District of Massachusetts, *Federal Bank of Springfield, et al. v. Farm Credit Administration, et al.,* a slip opinion of February 17, 1987 [Available on WESTLAW, DCT database]. This, I further held, mooted the constitutional questions posited. Defendants disagree with my decision of August 16, 1987. They say I was wrong. They have filed a motion to alter or amend that judgment. I have considered their arguments very carefully.

This motion is denied.

I get the impression my opinion of August 16 surprised defendants. In it I discussed at length the decision of the Supreme Court in *United States v. Mendoza,* 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984). In this case, the court refused to apply the doctrine of non-mutual offensive collateral estoppel against the government of the United States. Defendants had assumed in their initial briefs in response to plaintiffs' motion for summary judgment that *Mendoza* would operate so as to prevent their being estopped from relitigating in this district issues that had been already decided elsewhere. They want to have another go, as it were. In fact I strongly suspect they intend to litigate this issue in a number of districts until they have a decision in their favor. While I do not doubt they believe they are right, I am not governed by their strategy or their argument.

Defendants accordingly did not discuss *Mendoza* in any detail in their pleadings.

I arrived at two particular conclusions in my opinion. First, I held *Mendoza* did not posit an absolute rule precluding the application of non-mutual offensive collateral estoppel against the government. Second, I found the decision did not operate so as to oust the doctrine in the particular case then before me.

■ Defendants begin by claiming *Mendoza* dictates non-mutual offensive collateral estoppel never applies against the government. I went to considerable pains in my initial opinion to make clear why I felt this was not the case. I examined the holding in *Mendoza* very carefully. I examined carefully the wording, context and underlying rationale of the decision. I examined authorities since the case. I examined the views of commentators on the matter. Defendants in their briefs on this motion have been noticably less thorough. They cite one sentence from the case out of context[1]. They cite a number of cases which have applied *Mendoza*. Only one of the cases they cite comes even close to discussing the question of whether the rule is absolute, and I considered and referred to it in the course of my opinion, *Sun Towers v. Heckler*, 725 F.2d 315 (11th Cir. 1984). They have given me no reason whatsoever for altering my view.

In fact if anything, defendants' arguments as to why the case should govern here have convinced me even further that it should not. They claim "this litigation involves a challenge to governmental action very similar to that raised in *Mendoza*" (federal defendant's brief in support of its motion to amend, p. 4). They maintain invoking non-mutual collateral estoppel in this case "implicates the very same policy considerations emphasized in *Mendoza*." (federal defendants' brief at p. 5). They are wrong.

This case involves a challenge to governmental action. It is not similar to that arising in *Mendoza*. In my initial opinion on this point I stated why I believe this to be the case. Let me reiterate my reasons lest there be any doubt on the matter.

(1) This case involves a discrete issue of administrative law. *Mendoza* did not. It was concerned with a complex due process claim.

(2) There was a substantial fact variation between the two cases involved in the *Mendoza* litigation. The prior decision in *Mendoza* was handed down some five years before the case then under consideration by the court.

(3) The parties in *Mendoza* were distinct, natural, legal persons. They bore no relation to each other whatsoever. This is not the case here. I said in my initial opinion, "The parties to the prior adjudication and those in this case are not in privity with each other but are closely related, represent the same substantial interests and operate under the exact same statutory framework".

Defendants maintain I distinguished *Mendoza* "on the basis that there is mutuality between Farm Credit System institutions". This is news to me. Defendants thoughtfully flatter my aging intellect by informing me "Here the Springfield plaintiffs are ... not the same as those in this action". I merely posited the view that the rationale of *United States v. Stauffer Chemical Company*, 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984), decided on the same day as *Mendoza*, pointed to a preparedness on the part of the court to allow the doctrine be applied where this type of close inter-plaintiff relationship existed.

Defendants have provided me with another basis for deciding *Mendoza* does not apply here. They inform me

The implementation of the self-help remedy designed by Congress in response to the Farm Credit System crises impacts the entire agricultural sector of the United States, not to mention the holders of Farm Credit System securities who rely on the system's future financial viability. Federal Defendants' brief at p. 5.

The Farm Credit defendants make much the same point. They state at p. 2 of their brief.

a decision on the statutory and constitutional issues raised by plaintiff's complaint in this case may well decide the very survival of the Farm Credit System,

---

1. The sentence in question is *"Parklane Hosiery's* approval of non-mutual offensive collateral estoppel is not to be extended to the United States" 464 U.S. 154, 158, 104 S.Ct. 568, 571, 78 L.Ed.2d 379 (1984). As I pointed out in my initial opinion on this matter, this assertion is qualified, see 464 U.S. at 155, 104 S.Ct. at 569.

the nation's largest agricultural lending system. As of the date that the issues were briefed in this case, that System had outstanding more than $63,000,000 in debt obligations to public investors issued through the Farm Credit Bank Funding Corporation. Substantial evidence before this court demonstrated the seriousness of allowing defaults within the Farm Credit System which could lead to defaults on the outstanding bonds which would, in turn, affect not only agricultural lenders and borrowers, but all financial institutions.

They then spend some time wittering on about how the Supreme Court likes to wait until inter-circuit conflicts develop before granting *cert.*

The drift of defendants' argument is as follows. This is an issue of considerable national importance and urgency. So they think the Supreme Court in *Mendoza* intended to dictate that in such circumstances everyone should wait until the matter has been the subject of several district court decisions and then several conflicting circuit decisions. We should then await the granting of *cert.* by the Supreme Court and then wait for their hearing and deciding the matter. I cannot and will not accede to such an absurd contention. It is not, of course, unprecedented for the Court to grant certiorari without inter-circuit conflict developing. Should the matter come to this, I have great confidence in the ability of the Court to discern just how important issues presented to it are. I have great confidence in the ability of the Court to realize that cases should be resolved without any undue haste. I have great confidence the Court did not intend in handing down a decision like *Mendoza* to make the resolution of these issues more difficult, time consuming, costly for both plaintiffs and the government, frustrating for those whose livelihoods depend upon the final determination of the matter and awkward for the courts, than it already is.

█ Defendants have forwarded a number of other reasons they claim my decision was wrong. All are equally groundless. They claim the decision of the *Springfield* court was incorrect. I disagree. They claim the flexible doctrine of collateral estoppel should not be invoked here. I think I have made it clear I do not agree with this argument. The policy reasons why the doctrine should apply in this case are clearly articulated in this opinion and my original determination of the issue. They point out the *Springfield* court did not resolve the constitutional issues brought before this court. They also well know that district courts avoid deciding constitutional issues where it is not necessary to do so.

That, as far as I am concerned, is the end of the matter. This motion is denied.

It is ORDERED defendants' motion to alter or amend judgment is DENIED.